JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Estate of Sterling Cole
1327 North 58th Street, Philadelphia PA 19131

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Piayon Lassanah, Esquire
1333 Christian Street

## DEFENDANTS

City Of Philadelphia
One ParkwayBuilding - 14th Floor

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Mark V. Maguire, Esquire
1515 Arch Street, 14th Floor

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government<br>Plaintiff | ☒ 3 | Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government<br>Defendant | ☐ 4 | Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                       *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal<br>Injury<br>☐ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>Product Liability<br>☐ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer<br>Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Management<br>Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>☐ 950 Constitutionality of<br>State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>Conditions of<br>Confinement | | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:
Plaintiff alleges Federal Civil Rights Violation under 42 U.S.C. Section 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
08/30/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 02/19)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Estate of Sterling Cole, 1327 North 58th St., Phila., Pa 19131

Address of Defendant: City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA

Place of Accident, Incident or Transaction: _____ Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/30/2019 _____ 94242
_____ *Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____
_____ *Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ESTATE OF STERLING COLE** | : | **COURT OF COMMON PLEAS** |
| **1327 North 58TH STREET** | : | |
| **PHILADELPHIA, PA  19131,** | : | **PHILADELPHIA COUNTY** |
| | : | |
| **vs.** | : | |
| | : | |
| **City of Philadelphia** | : | |
| **1515 Arch Street, 14th Floor** | : | |
| **Philadelphia, PA  19103** | : | |
| | : | |
| **Philadelphia Prison System** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA  19136** | : | |
| | : | |
| **Curran-Fromhold Correctional Facility** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA  19136** | : | |
| | : | |
| **John P. Delaney-Warden** | : | |
| **In individual and official capacity** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA 19136** | : | |
| | : | |
| **Gerald May-Warden** | : | |
| **In individual and official capacity** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA 19136** | : | |
| | : | |
| **Marcella Moore- Warden** | : | |
| **In individual and official capacity** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA 19136** | : | |
| | : | |
| **Officer Alex Perez #289073** | : | |
| **In individual and official capacity** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA 19136** | : | |
| | : | |
| **Officer Robert D. Taylor #280250** | : | |
| **In idividual and official capacity** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA 19136** | : | |
| | : | |
| **Officer Shareel Porter # 256569** | : | |
| **In individual and official capacity** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA 19136** | : | |

**Sargent Raymond Colon # 269732** :
**In individual and official capacity** :
**7901 State Road** :
**Philadelphia, PA  19136** :
                                         :
**Lieutenant Ann Celeste Gangemi #245787**:
**In individual and official capacity** :
**7901 State Road** :
**Philadelphia, PA 19136** :
                                         :
**John Doe 1-10** :
**In individual and official capacity** :
**7901 State Road** :
**Philadelphia, PA 19136** :
                                         :   **APRIL TERM 2019**
                                         :   **NO. 2714**

## CERTIFICATE OF SERVICE

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                    (   )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           (   )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.    (   )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                     (   )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                  (   )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.          ( **X** )

8|30|19
_____          _____          _____
Date                             **Mark V. Maguire, Esq.**            Defendants
                                                                      Attorney for

**(215) 683-5391**                **(215) 683-5397**                   mark.maguire@phila.gov
_____          _____          _____
Telephone                        FAX Number                          E-mail Address

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ESTATE OF STERLING COLE**<br>**1327 North 58TH STREET**<br>**PHILADELPHIA, PA  19131,** | : <br> : <br> : <br> : | **COURT OF COMMON PLEAS**<br><br>**PHILADELPHIA COUNTY** |
| **vs.** | : <br> : | |
| **City of Philadelphia**<br>**1515 Arch Street, 14th Floor**<br>**Philadelphia, PA 19103** | : <br> : <br> : <br> : | |
| **Philadelphia Prison System**<br>**7901 State Road**<br>**Philadelphia, PA  19136** | : <br> : <br> : <br> : | |
| **Curran-Fromhold Correctional Facility**<br>**7901 State Road**<br>**Philadelphia, PA  19136** | : <br> : <br> : <br> : | |
| **John P. Delaney-Warden**<br>**In individual and official capacity**<br>**7901 State Road**<br>**Philadelphia, PA 19136** | : <br> : <br> : <br> : <br> : | |
| **Gerald May-Warden**<br>**In individual and official capacity**<br>**7901 State Road**<br>**Philadelphia, PA 19136** | : <br> : <br> : <br> : <br> : | |
| **Marcella Moore- Warden**<br>**In individual and official capacity**<br>**7901 State Road**<br>**Philadelphia, PA 19136** | : <br> : <br> : <br> : <br> : | |
| **Officer Alex Perez #289073**<br>**In individual and official capacity**<br>**7901 State Road**<br>**Philadelphia, PA 19136** | : <br> : <br> : <br> : <br> : | |
| **Officer Robert D. Taylor #280250**<br>**In idividual and official capacity**<br>**7901 State Road**<br>**Philadelphia, PA 19136** | : <br> : <br> : <br> : <br> : | |
| **Officer Shareel Porter # 256569**<br>**In individual and official capacity**<br>**7901 State Road**<br>**Philadelphia, PA 19136** | : <br> : <br> : <br> : | |

**Sargent Raymond Colon # 269732**         :
**In individual and official capacity**    :
**7901 State Road**                        :
**Philadelphia, PA  19136**                :
                                           :
**Lieutenant Ann Celeste Gangemi #245787** :
**In individual and official capacity**    :
**7901 State Road**                        :
**Philadelphia, PA 19136**                 :
                                           :
**John Doe 1-10**                          :
**In individual and official capacity**    :
**7901 State Road**                        :
**Philadelphia, PA 19136**                 :
                                           :  **APRIL TERM 2019**
                                           :  **NO. 2714**

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, City of Philadelphia, Philadelphia Prison System, Curran-Fromhold Correctional Facility, John P. Delaney, Warden, Gerald May, Warden, Marcella Moore-Warden, Officer Alex Perez#289073, Officer Robert D. Taylor #280250, Officer Shareel Porter #256569, Sargent Raymond Colon #269732 Lieutenant Ann Celest Gangemi #245787 (hereinafter "petitioners") through their counsel, Mark V. Maguire, Acting Chief Deputy City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1.     In April 2019, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, April Term, 2019; No. 2714.  (Exhibit A - Complaint).

2.     On August 20, 2019 said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3.     Plaintiffs allege that on or about April 14, 2017 he sustained damages when his civil rights were violated by the defendants. (Exhibit A ).

4.     This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

**Wherefore,** petitioners, City of Philadelphia, Philadelphia Prison System, Curran-Fromhold Correctional Facility, John P. Delaney, Warden, Gerald May, Warden, Marcella Moore-Warden, Officer Alex Perez#289073, Officer Robert D. Taylor #280250, Officer Shareel Porter #256569, Sargent Raymond Colon #269732 Lieutenant Ann Celest Gangemi #245787respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Mark V. Maguire
Acting Chief Deputy City Solicitor

**Mark V. Maguire**
**Acting Chief Deputy City Solicitor**
**Attorney I.D. No. 94242**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5439

Date: 8/30/19

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ESTATE OF STERLING COLE**<br>**1327 North 58TH STREET**<br>**PHILADELPHIA, PA  19131,** | : <br> : <br> : <br> : | **COURT OF COMMON PLEAS**<br><br>**PHILADELPHIA COUNTY** |
| **vs.** | : <br> : | |
| **City of Philadelphia**<br>**1515 Arch Street, 14th Floor**<br>**Philadelphia, PA 19103** | : <br> : <br> : <br> : | |
| **Philadelphia Prison System**<br>**7901 State Road**<br>**Philadelphia, PA  19136** | : <br> : <br> : <br> : | |
| **Curran-Fromhold Correctional Facility**<br>**7901 State Road**<br>**Philadelphia, PA  19136** | : <br> : <br> : | |
| **John P. Delaney-Warden**<br>**In individual and official capacity**<br>**7901 State Road**<br>**Philadelphia, PA 19136** | : <br> : <br> : <br> : | |
| **Gerald May-Warden**<br>**In individual and official capacity**<br>**7901 State Road**<br>**Philadelphia, PA 19136** | : <br> : <br> : <br> : | |
| **Marcella Moore- Warden**<br>**In individual and official capacity**<br>**7901 State Road**<br>**Philadelphia, PA 19136** | : <br> : <br> : <br> : | |
| **Officer Alex Perez #289073**<br>**In individual and official capacity**<br>**7901 State Road**<br>**Philadelphia, PA 19136** | : <br> : <br> : <br> : | |
| **Officer Robert D. Taylor #280250**<br>**In idividual and official capacity**<br>**7901 State Road**<br>**Philadelphia, PA 19136** | : <br> : <br> : <br> : | |
| **Officer Shareel Porter # 256569**<br>**In individual and official capacity**<br>**7901 State Road**<br>**Philadelphia, PA 19136** | : <br> : <br> : <br> : | |

**Sargent Raymond Colon # 269732**   :
**In individual and official capacity**   :
**7901 State Road**   :
**Philadelphia, PA 19136**   :
    :
**Lieutenant Ann Celeste Gangemi #245787**   :
**In individual and official capacity**   :
**7901 State Road**   :
**Philadelphia, PA 19136**   :
    :
**John Doe 1-10**   :
**In individual and official capacity**   :
**7901 State Road**   :
**Philadelphia, PA 19136**   :
    : **APRIL TERM 2019**
    : **NO. 2714**

## NOTICE OF FILING OF REMOVAL

TO:    Piayon Lassanah, Esquire
        1333 Chestnut Street
        Philadelphia, PA 19147

PLEASE TAKE NOTICE THAT on August 30, **2019** defendants, City of Philadelphia, Philadelphia Prison System, Curran-Fromhold Correctional Facility, John P. Delaney, Warden, Gerald May, Warden, Marcella Moore-Warden, Officer Alex Perez#289073, Officer Robert D. Taylor #280250, Officer Shareel Porter #256569, Sargent Raymond Colon #269732 Lieutenant Ann Celest Gangemi #245787filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk

of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

        **Mark V. Maguire**
        **Acting Chief Deputy City Solicitor**
        **Attorney I.D. No. 94242**
        1515 Arch Street, 14th Floor
        Philadelphia, PA 19102
        215-683-5439

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ESTATE OF STERLING COLE                 :       COURT OF COMMON PLEAS
1327 North 58TH STREET                   :
PHILADELPHIA, PA  19131,                 :       PHILADELPHIA COUNTY
                                         :
            vs.                          :
                                         :
City of Philadelphia                     :
1515 Arch Street, 14th Floor             :
Philadelphia, PA 19103                   :
                                         :
Philadelphia Prison System              :
7901 State Road                          :
 Philadelphia, PA 19136                  :
                                         :
Curran-Fromhold Correctional Facility    :
7901 State Road                          :
Philadelphia, PA  19136                  :
                                         :
John P. Delaney-Warden                   :
In individual and official capacity      :
7901 State Road                          :
Philadelphia, PA 19136                   :
                                         :
Gerald May-Warden                        :
In individual and official capacity      :
7901 State Road                          :
Philadelphia, PA 19136                   :
                                         :
Marcella Moore- Warden                   :
In individual and official capacity      :
7901 State Road                          :
Philadelphia, PA 19136                   :
                                         :
Officer Alex Perez #289073               :
In individual and official capacity      :
7901 State Road                          :
Philadelphia, PA 19136                   :
                                         :
Officer Robert D. Taylor #280250         :
In idividual and official capacity       :
7901 State Road                          :
Philadelphia, PA 19136                   :
                                         :
Officer Shareel Porter # 256569          :
In individual and official capacity      :
7901 State Road                          :
Philadelphia, PA 19136                   :

**Sargent Raymond Colon # 269732**    :
**In individual and official capacity**    :
**7901 State Road**    :
**Philadelphia, PA  19136**    :
     :
**Lieutenant Ann Celeste Gangemi #245787**    :
**In individual and official capacity**    :
**7901 State Road**    :
**Philadelphia, PA 19136**    :
     :
**John Doe 1-10**    :
**In individual and official capacity**    :
**7901 State Road**    :
**Philadelphia, PA 19136**    :
     :   **APRIL TERM 2019**
     :   **NO. 2714**

## CERTIFICATE OF SERVICE

      I, Mark V. Maguire, Acting Chief Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:    Piayon Lassanah, Esquire
        1333 Chestnut Street
        Philadelphia, PA  19147

                                  **Mark V. Maguire**
                                  **Acting Chief Deputy City Solicitor**
                                  **Attorney I.D. No. 94242**
                                  1515 Arch Street, 14th Floor
                                  Philadelphia, PA  19102
                                  215-683-5439

Date: 9/30/19

Exhibit "A"

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PHILADELPHIA

*Filed and Attested by the Office of Judicial Records 20 AUG 2019 10:13 am*

ESTATE OF STERLING COLE

   vs.

CITY OF PHILADELPHIA
PHILADELPHIA PRISON SYSTEM
CURRAN-FROMHOLD CORRECTIONAL FACILITY
John P. Delaney- Warden
Gerald May- Warden
Marcella Moore- Warden
Officer Alex Perez #289073
Officer Robert D. Taylor #280250

         Officer Shareel Porter #256569

Colon #269732

       Lieutenant Ann Celeste Gangemi #245787

             John Doe 1-10

: COURT OF COMMON PLEAS
: PHILADELPHIA COUNTY

:

: APRIL TERM
: NO: **2714**

              Sergent Raymond

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

10-284

**PIAYON LASSANAH, ESQUIRE**                    **Attorney for PLAINTIFF**
*1333 Christian Street*
*Philadelphia, PA 19143*
*Office: (215) 732.7900*
*Fax: (888). 285.2104*
**pgl@shakajohnsonlaw.com**

| | |
|---|---|
| **ESTATE OF STERLING COLE** | : **COURT OF COMMON PLEAS** |
| **1327 NORTH 58TH STREET** | : |
| **PHILADELPHIA, PA 19131** | : **PHILADELPHIA COUNTY** |
| **vs.** | : |
| **City of Philadelphia** | : |
| **1515 Arch Street, 14th Floor** | : |
| **Philadelphia, PA 19103** | : |
| | |
| **Philadelphia Prison System** | : |
| **7901 State Road** | : |
| **Philadelphia, PA 19136** | |
| | |
| **Curran-Fromhold Correctional Facility** | : |
| **7901 State Road** | : |
| **Philadelphia, PA 19136** | |
| | |
| **John P. Delaney-Warden** | |
| **In individual and official capacity** | : |
| **7901 State Road** | : |
| **Philadelphia, PA 19136** | |
| | |
| **Gerald May-Warden** | |
| **In individual and official capacity** | |
| **7901 State Road** | |
| **Philadelphia, PA 19136** | |
| | |
| **Marcella Moore- Warden** | |
| **In individual and official capacity** | |
| **7901 State Road** | |
| **Philadelphia, PA 19136** | : |
| | |
| **Officer Alex Perez #289073** | |
| **In individual and official capacity** | : |
| **7901 State Road** | |
| **Philadelphia, PA 19136** | |
| | |
| **Officer Robert D. Taylor #280250** | |
| **In individual and official capacity** | |
| **7901 State Road** | |
| **Philadelphia, PA 19136** | |
| | |
| **Officer Shareel Porter # 256569** | |
| **In individual and official capacity** | |
| **7901 State Road** | |
| **Philadelphia, PA 19136** | |
| | |
| **Sargent Raymond Colon # 269732** | |
| **In individual and official capacity** | |

Case ID: 190402714

7901 State Road
Philadelphia, PA 19136

Lieutenant Ann Celeste Gangemi #245787          :
In individual and official capacity              :
7901 State Road
Philadelphia, PA 19136                           :

John Doe I-10                                    :
In individual and official capacities            :
7901 State Road                                  :
Philadelphia, PA 19136                           :     **APRIL TERM 2019**
                                                 :     **NO. 2714**

## COMPLAINT

1.      This action is being brought by Malik Cole, an adult individual and citizen of the

Commonwealth of Pennsylvania with an address of 1327 North 58th Street Philadelphia, PA

19131, on behalf of the Estate of Sterling Cole at 1327 North 58th Street Philadelphia, PA

19131, against Defendants City of Philadelphia, Philadelphia Prison System, Curran-

Fromhold Correctional Facility, John P. Delaney, Gerald May, Marcella Moore, Alex

Perez, Robert D. Taylor, Shareel Porter, Ann Celeste Gangemi, and John Does 1-10,

relating to the death of Sterling Cole.

2.      On July 18, 2017, Malik Cole was appointed was appointed Administrator of the

Estate of Sterling Cole by the Register of Wills of Philadelphia County. Attached hereto,

incorporated herein and marked Exhibit "A" is a copy of the Letters of Administration.

3.      Sterling Cole ("Plaintiff Decedent") was severely assaulted on or about April 4,

2017, while  housed at the Curran-Fromhold Correctional Facility, and he died shortly

thereafter on April 16, 2017.

4.      The Plaintiff Decedent is believed to be survived at law by the following natural

born children: Israel Cole, Isaac Cole, Malik Cole, and Lovellia Cole.

5.      Plaintiff seeks damages and other relief pursuant to 42 § U.S.C §1988, 42 § U.S.C

§1988, the United States Constitution, and common law.

## DEFENDANTS

6.      Defendant, City of Philadelphia, (hereinafter "City")   is a first-class
municipality within the Commonwealth of Pennsylvania, with an office for service
located at the above-captioned address, and at all times relevant, owned, managed,
leased, controlled, maintained or were otherwise responsible for the security of the
Curran-Fromhold Correctional Facility premises, and upon all times relevant hereto
had the responsibility of adopting policies, implementing procedures and practices,
which would create an environment whereby inmates would be safe from abuse and
attacks from other inmates and would receive appropriate, timely, medical care.

7.      Upon information and belief, Defendant, Philadelphia Prison System is
operated by Defendant City of Philadelphia and includes correctional facilities that
provide a secured correctional environment that detains persons accused or convicted
of illegal acts in the County of Philadelphia with an office at the above-captioned
address, and at all times relevant, owned, managed, leased, controlled, secured,
maintained or were otherwise responsible for the security of the Curran-Fromhold
Correctional Facility.

8.      Upon information and belief, Defendant, Curran-Fromhold Correctional
Facility is an entity maintained and operated by Defendants City of Philadelphia and
Philadelphia Prison System and operates as a correctional environment where
detained persons accused or convicted of illegal acts in the County of Philadelphia
are housed, and is responsible for the safety its facility at the above-captioned address.

9.      Upon information and belief, Defendants John P. Delaney, Gerald May, and
Marcella Moore, were wardens and supervisory officers at the time of the attack on
Plaintiff, responsible for the implementation, administration, operations and oversight
of the policies and practices of the Philadelphia Prison System, and more importantly

the color of law in individual and official capacities.          Case ID: 190402714

7901 State Road, in Philadelphia PA 19139.

## FACTS

15.     On April 4, 2017, Plaintiff Decedent Sterling Cole was violently attacked by inmate(s), while in the prison recreational yard at or near B2 pod 3.

16.     On April 16, 2017, Plaintiff Decedent Sterling Cole died as a result of the aforementioned assault due to blunt impact injuries to his head, contusions and lacerations of his brain, fracture to his temporal bone, and other severe injuries.

17.     The attack occurred in the prison recreational yard at or near B2 pod 3, an unsecured area, without surveillance or any security monitoring by prison guards or correctional staff.

18.     Upon information and belief, the assailant(s) knew or had reason to know of this unsecured area in the prison yard, and violently attacked Plaintiff Decedent, Sterling Cole when he walked in the area.

19.     Upon information and belief, Plaintiff Decedent was unaware and had no reason to know that the area in question being unsecured or not monitored at the time before he was violently attacked.

20.     Defendants City of Philadelphia, Philadelphia Prison System, John P. Delaney, Gerald May, and Marcella Moore are all aware of the need for heighted security and protection in the Curran-Fromhold Correctional Facility, due to the nature of housing individuals charged and/or convicted of criminal charges.

21.     The area in the prison yard at or near B2 pod 3, was not monitored and not secured and all Defendants knew or should have known prior to Plaintiff Decedent being violently attacked.

22.     Upon information and belief, there has been several violent acts preceding the attack on Plaintiff Decedent.

23.     In fact, the Curran-Fromhold Correctional Facility is not as secured as advertised.

24.     Prior to his death, Plaintiff Decedent suffered consciously for a substantial period of time as he struggled for his life at the prison yard and in the hospital.

25.     The circumstances of Plaintiff Decedent's death are consistent with a pattern of inmate violence at the Curran-Fromhold Correctional Facility.

26.     Upon information and belief, Defendants Alex Perez, Robert Taylor, Shareel Porter, Raymond Colon, and Ann Celeste Gangemi, who were assigned to monitor the prison yard, including Defendants John Doe 1-10,  did not see and hear Plaintiff being attacked, as they were not present in the immediate area of the prison yard where Plaintiff Decedent was assaulted, despite having the responsibility to supervise or monitor inmates in that area.

27.     Plaintiff's Decedent's wrongful death was caused as a direct and proximate result of the official policy or custom of operating the Curran-Fromhold Correctional Facility with deliberate indifference to the substantial and unreasonable risk to inmate safety, negligence, carelessness, recklessness, and willful and wanton conduct of the all Defendants, acting and/or failing to act, jointly and/or severally.

28.     Plaintiff Decedent's wrongful death was due in no part to any act, or failure to act of his own.

29.     As a direct and proximate result of the negligence, carelessness, recklessness, willful and/or wanton conduct of one or more of all Defendants herein, acting jointly and/or severally, Plaintiff Decedent suffered injuries to his head, chest, abdomen, thoracic region and other areas of his body, multiple blunt impact injuries, post traumatic anxiety and depression; severe damage to his nerves and nervous system; severe and permanent scarring and disfigurement; and various other ills and injuries, all of which contributed to his death.

30.     Upon information and belief, the official policy or custom of operating the Curran-Fromhold Correctional Facility with deliberate indifference to its inhabitants safety and security, including by overpopulation and a shortage of staff, inadequate training, and other

dangerous staffing policies and procedures, classification and security, were the proximate cause of the death of Plaintiff Decedent.

31.     The understaffing, classification deficits, and safety deficiencies directly exposed Plaintiff Decedent to a constitutionally unacceptable risk of violent assault and death.

32.     Defendants City of Philadelphia, Philadelphia Prison System, John P. Delaney, Gerald May, and Marcella Moore, directly and through their agents, failed to provide sufficient staffing to implement necessary security procedures at the Curran-Fromhold Correctional Facility, and to improve the training and supervision of employees and prison guards at the Curran-Fromhold Correctional Facility.

33.     As a further result of the aforesaid accident, Plaintiff Decedent was obliged to receive and undergo medical attention and care and to incur various and diverse expenses, including but not limited to hospital, medical, funeral and household expenses which the Plaintiff's Estate will continue to expend and incur for an indefinite time into the future.

34.     As a further result of the aforesaid incident, Plaintiff Decedent and his Estate, have suffered a severe loss of earnings and impairment of earning capacity and power, all of which will continue indefinitely into the future.

35.     As a further result of the aforesaid incident, the Plaintiff Decedent's Estate, suffered severe physical pain and trauma, conscious pain and suffering, mental upset and anguish up until the time of his death.

36.     As a further result of the aforesaid incident, the Plaintiff Decedent and/or his Estate has suffered a diminution of the ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

37.     This incident and the resulting death of Plaintiff Decedent resulted solely from the deliberate indifference, negligence, carelessness, recklessness, willful and/or wanton conduct of one or more of the Defendants, acting jointly and/or severally, by and through their agents, servants, workmen, employees, and/or independent contractors, and was due in

no manner whatsoever to any act or failure to act on the part of the Plaintiff Decedent.

## COUNT I
## ESTATE OF STERLING COLE V. DEFENDANTS CITY OF PHILADELPHIA, PHILADELPHIA PRISON SYSTEM, JOHN DOE 1, JOHN P. DELANEY, GERALD MAY, AND MARCELLA MOORE (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES) VIOLATION OF FIFTH AND EIGHT AMENDMENT CUSTOMS, POLICIES, PROCEDURES  42 U.S.C §1983

38.      Plaintiff incorporate by reference all of the above paragraphs as if set forth in full herein.

39.      At all times relevant hereto, Plaintiff's Decedent was lawfully upon the premises of the Curran-Fromhold Correctional Facility and Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore and their employees owed him the highest duty of care.

40.      In fact, the property, specifically the location where Plaintiff Decedent was violently assaulted, was not adequately secured, it was not monitored or staffed properly to prevent harm to Plaintiff Decedent.

41.      At all times relevant herein, the Curran-Fromhold Correctional Facility was staffed by guards who were inadequately trained and supervised.

42.      The guards at the Curran-Fromhold Correctional Facility responsible for monitoring the playground area where Plaintiff Decedent was violently attacked were inadequately trained, were too few in numbers, unavailable, failed to properly monitor, supervise, secure said area, check inmates for contraband or weapons, left their security posts with no relief officer to prevent or deter attacks upon Plaintiff Decedent, or intervene to prevent the death of Plaintiff Decedent.

43.      Upon information and belief, Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore knew or should have known of an ongoing insufficient number of prison guards to monitor the assigned area

in the prison yard, the deficiency in the training program for prison guards, inadequate or improper inmate classification systems, and other basic screening process for pre-trial detainees.

44. Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore, did not warn Plaintiff Decedent of the potential harm and security risk of being in the prison yard at or near B2 pod 3, while it was not being monitored or unmanned, due to insufficient staffing.

45. In sum, on the date of Plaintiff Decedent's being violently assaulted, the prison yard area generally and at or near B2 pod 3, in Curran-Fromhold Correctional Facility is/was unreasonably dangerous and unsafe for residents/inmates, including Plaintiff Decedent.

46. Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore knew or should have known that the prison yard area was a high crime area as a result of the numerous instances of crime which were reported to Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore, as a result of numerous reports in the years preceding the Plaintiff's Decedent's assault, and in the exercise of reasonable care, and Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore, failed to properly train or require greater supervision of prison employees.

47. Plaintiff avers that Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore, jointly and/or severally, and their agents, servants, workmen and/or employees were negligent, careless, reckless, and acted with deliberate indifference in:

    a. failing to protect Plaintiffs from coming in contact with individuals such as the unidentified individual who assaulted Plaintiff Decedent while he was a resident at the Curran-Fromhold Correctional Facility, which duty Defendants City of

Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore breached by failing to provide adequate security and monitoring so as to protect Plaintiffs from the harmful acts of third parties;

b. failing to exercise reasonable care and caution in protecting Plaintiffs from the assault and violent actions;

c. failing to properly supervise the employees and the premises, specifically the areas where Plaintiff Decedent was assaulted;

d. failing to provide adequate protection for Plaintiff Decedent while lawfully upon said premises;

e. failure to provide appropriate and sufficient supervisory and security personnel to ensure the safety of Plaintiff Decedent and persons similarly situated;

f. failure to provide a safe environment for Plaintiff Decedent while lawfully upon said premises;

g. failure to protect Plaintiff Decedent and other persons similarly situated from foreseeable injuries and damages caused after having knowledge of the dangerous propensities;

h. failure to provide appropriate security measures, systems, and/or personnel;

i. failure to warn persons lawfully upon said premises of the dangerous conditions existing thereon

j. failing to assign adequate staff to watch, hear, monitor, supervise inmates activities, as it was reasonably foreseeable that inmates, including Plaintiff Decedent would be attacked by other inmates with prohibited weapons;

k. failing to have in place policies and procedures which could have been followed and which would have ensured and assured that Plaintiff would not have been attacked and suffered the injuries and damages described hereinabove; and

l. failing to supervise its agents, servants workers and/or employees so as to assure and

ensure that they were performing their duties as security personnel in a competent manner which failure to so supervise resulted in Plaintiff Decedent sustaining the aforementioned injuries and damages.

m. failing to have an adequate number of trained, qualified security employees/correctional officers on duty;

n. failure to install electronic video camera monitoring system;

o. failure to secure the premises adequately;

p. not having the area in the prison yard at or near B2 pod 3 manned by a security personnel such as a correctional officer to monitor the activities of the area;

q. failure to inspect the premises to determine the existence of dangerous conditions such as the lack of adequate security and/or monitoring;

r. failure to have sufficient security cameras in the prison yard;

s. failing to timely intervene to prevent Plaintiff Decedent's death;

t. failure to establish a sufficient security budget;

u. negligent supervision of employee(s) resulting in harm to Plaintiff Decedent;

v. failing to heed Plaintiff Decedent's request for protection sometime before the attack;

w. permitting assailants to attack Plaintiff Decedent;

x. other acts of negligence to be determined during discovery;

48.     Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore, were aware of the dangerous conditions and security risks at the Curran-Fromhold Correctional Facility, and failed consistently failed to take action to remedy those conditions, but adopted pattern, practice, custom, or policy of acting with deliberate indifference to the substantial risk and reckless disregard for the need of adequate supervision and training of prison employees at the Curran-Fromhold Correctional Facility directly and proximately caused Plaintiff Decedent's death.

49.     The deliberate indifference as alleged, other acts of negligence, carelessness,

Case ID: 190402714

recklessness, willful and/or wanton conduct of the Defendants, as set forth above was a proximate cause of the Plaintiff's Decedent's wrongful death, as set forth herein.

     **WHEREFORE**, Plaintiff Malik Cole, Administrator of the Estate of Sterling Cole, deceased, demands judgment against Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore, and each of them, jointly and/or severally in an amount to be proved at trial, in compensatory damages, plus costs, attorney fees, and such other further relief the court shall deem appropriate.

**COUNT II**
**ESTATE OF STERLING COLE V. DEFENDANTS CITY OF PHILADELPHIA,**
**PHILADELPHIA PRISON SYSTEM, JOHN DOE 1, JOHN P. DELANEY,**
**GERALD MAY, AND MARCELLA MOORE (IN THEIR INDIVIDUAL AND**
**OFFICIAL CAPACITIES)**
**VIOLATION OF EIGHT AMENDMENT**
**42 U.S.C §1983**

50.     Plaintiff incorporates by reference all paragraphs as if the same were set forth herein at length.

51.     At all times relevant, Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore, operated, supervised, or were employed at the Curran-Fromhold Correctional Facility under the color of state law and as Plaintiff Decedent was incarcerated- he had no means of self-protection; as such Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore, directly and through their employees, were constitutionally obligated to protect Plaintiff Decedent from substantial and unreasonable risk of harm.

52.     Plaintiff Decedent and other inmates were subjected to a substantial and unreasonable risk of severe harm and injury as a result of the conditions at the Curran-Fromhold Correctional Facility, due to overcrowding, a shortage of staff, lack of prison guard training and supervision, inadequate procedures for staffing, classification and security, which defendants City of Philadelphia, Philadelphia Prison System, John Doe 1,

Case ID: 190402714

John P. Delaney, Gerald May, and Marcella Moore were aware of, but purposely failed to remedy said conditions. Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore, through their agents and employees, adopted policies, patterns, and customs with deliberate indifference and reckless disregard for the safety, security, and protection of inmates, as Plaintiff Decedent, in violation of their constitutional rights.

53.        Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore's reckless disregard and/or deliberate indifference to the substantial and unreasonable risk of harm posed to inmate safety at the Curran-Fromhold Correctional Facility, due to Defendants pattern, practice and custom, or policy, directly and proximately led to Plaintiff Decedent's death, in violation of his right to be free from cruel and unusual punishment, in violation of 42 U.S.C §1983.

        **WHEREFORE**, Plaintiff Malik Cole, Administrator of the Estate of Sterling Cole, deceased, demands judgment against Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore, and each of them, jointly and/or severally in an amount to be proved at trial, in compensatory damages, plus costs, attorney fees, and such other further relief the court shall deem appropriate.

## COUNT III
## ESTATE OF STERLING COLE V. ALL DEFENDANTS
### WRONGFUL DEATH

54.        Plaintiff incorporates by reference all paragraphs as if the same were set forth herein at length.

55.        Plaintiff brings this action pursuant to the Wrongful Death Act 42 Pa. C.S.A. Section 8301 and claims all damages recoverable under the Pennsylvania Wrongful Death Act.

56.        The names and last known addresses of all persons who may be entitled by law to recover damages, as well as their relationship to Decedent Sterling Cole are as follows:

        a.  Israel Cole,

                    b.  Isaac Cole,
                    c.  Malik Cole,
                    d.  Lovellia Cole

57.      As a direct and proximate result of the foregoing, the Decedent's Wrongful Death beneficiaries have been, continue to be, and will in the future be deprived of his counsel, services, companionship and society.

58.      As a direct and proximate result of the Defendants' deliberate indifference, as set forth above, which is incorporated herein, Sterling Cole's Wrongful Death beneficiaries suffered, are suffering, and will, for an indefinite period of time in the future, suffer damages, injuries and losses including but not limited to, a loss of financial support, and the beneficiaries have been wrongfully deprived of the contributions they would have received from her, including monies which she would have provided for items such as clothing, food, shelter, medical care, education and entertainment, recreation and gifts.

59.      As a direct and proximate result of Defendants' negligence and carelessness as set forth above, which is incorporated herein, Sterling Cole's Wrongful Death beneficiaries have been caused to incur and pay various expenses for medical treatment, hospital care, custodial care, nursing care, and medications, and further funeral and other expenses related to his death.

**WHEREFORE**, Plaintiff Malik Cole, Administrator of the Estate of Sterling Cole, deceased, demands judgment against Defendants, and each of them, jointly and/or severally in an amount to be proved at trial, in compensatory damages, plus costs, attorney fees, and such other further relief the court shall deem appropriate.

## COUNT IV
## ESTATE OF STERLING COLE V. ALL DEFENDANTS (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)-SURVIVAL ACTION

60.      Plaintiff incorporates by references paragraphs as if the same were set forth herein at length.

61.      Plaintiff brings this action on behalf of the Estate of Sterling Cole, deceased, by virtue

of the Survival Act, 42 Pa.C.S.A. § 8302, and claims all benefits of the Survival Act on

behalf of Sterling Cole's Estate and other persons entitled to recover under law.

62.      As a direct and proximate result of Defendants' negligence and carelessness as set

forth above, which is incorporated herein, Plaintiff claims on behalf of the Estate of

Sterling Cole, all damages suffered by the Estate by reason of the death of Sterling Cole,

including without limit the generality of the following: the severe injuries to Sterling

Cole,  which resulted in his death; the anxiety, horror, fear of impending death, mental

disturbance, pain, suffering and other intangible losses which Sterling Cole suffered prior to

his death; the loss of past, present and future earning capacity suffered by Sterling Cole, from

the date of his death until the time in the future he would have lived had he not died as a

result of the injuries he sustained; expenses for medical care; the loss and total limitation

and deprivation of his normal

activities, enjoyment of life, pursuits and life's pleasures from the date of his death until such

time in the future as he would have lived had he not died as a result of the injuries sustained.

**WHEREFORE**, Plaintiff  Malik Cole, Administrator of the Estate of Sterling Cole, deceased, demands judgment against Defendants, and each of them, jointly and/or severally in an amount to be proved at trial, in compensatory damages, plus costs, attorney fees, and such other further relief the court shall deem appropriate.

<u>COUNT V</u>
<u>ESTATE OF STERLING COLE V.  DEFENDANTS ALEX PEREZ, ROBERT TAYLOR, SHAREEL PORTER, RAYMOND COLON, AND ANN CELESTE GANGEMI (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES) (VIOLATION OF § 42 U.S.C. 1983-FAILURE TO PROTECT)</u>

63.      Plaintiff incorporate by reference all of the above paragraphs as if set forth in full

herein.

64.      Defendants Alex Perez, Robert Taylor, Shareel Porter, Raymond Colon, and Ann

Celeste Gangemi, failed to take reasonable measures to guarantee Plaintiff Decedent's

safety. Specifically, all defendants recklessly with deliberate indifference, failed to protect

Plaintiff Decedent by:

   a)  Failing to monitor the prison yard area generally as required to

   b)  Failing to follow established prison procedures and protocols resulting in
       the death of Plaintiff Decedent;

   c)  failing to secure known, dangerous inmates;

   d)  failing to separate inmates with violent animosity towards each other, with
       knowledge of said animosity and/or rift, thus causing a danger

   e)  failing to timely respond to assault;

   f)  failing to search inmates in prison yard area;

   g)   failing to segregate the assailant(s) and Plaintiff Decedent after notice of
       potential threat of harm;

   h)  permitting assailant(s) to attack Plaintiff Decedent for an unreasonable
       period of time;

   i)  permitting assailant(s) to attack Plaintiff Decedent for an unreasonable
       period of time, even after notice of attack;

   j)  Failing to adequately monitor the prison yard area to prevent harm to
       Plaintiff Decedent;

   k)  Failing to intervene and prevent harm to Plaintiff Decedent;

   l)  Leaving assigned post, resulting in the death of Plaintiff Decedent

65.     The above conditions, actions and inactions posed a substantial risk of harm to
Plaintiff Decedent, of which Defendants Alex Perez, Robert Taylor, Shareel Porter,
Raymond Colon, and Ann Celeste Gangemi, were aware of and of which all defendants
were deliberately indifferent.

66.     Plaintiff Decedent's injuries were foreseeable and a direct consequence of all of the
above failures, acts and omissions by the Defendants Alex Perez, Robert Taylor, Shareel
Porter, Raymond Colon, and Ann Celeste Gangemi.

67.     Defendants Alex Perez, Robert Taylor, Shareel Porter, Raymond Colon, and Ann

Celeste Gangemi, actions and inactions violated Plaintiff Decedents clearly established

rights under the Eight and/or Fourteenth Amendment to the United States Constitution.

68.     Plaintiff is entitled to relief under 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff  Malik Cole, Administrator of the Estate of Sterling Cole, deceased, demands judgment against Defendants Alex Perez, Robert Taylor, Shareel Porter, Raymond Colon, and Ann Celeste Gangemi, and each of them, jointly and/or severally in an amount to be proved at trial, in compensatory damages, plus costs, attorney fees, and such other further relief the court shall deem appropriate.

## COUNT VI
## ESTATE OF STERLING COLE V. DEFENDANTS CITY OF PHILADELPHIA, PHILADELPHIA PRISON SYSTEM, JOHN DOE 1, JOHN P. DELANEY, GERALD MAY, AND MARCELLA MOORE (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES) (VIOLATION OF § 42 U.S.C. 1983-FAILURE TO SUPERVISE AND/OR TRAIN)

69.     Plaintiff incorporate by reference all of the above paragraphs as if set forth in full

herein.

70.     Defendant City of Philadelphia and its political subdivision is a "person" for purposes

of a §1983 action. Defendant City of Philadelphia may therefore be sued directly and

indirectly for the actions and inaction(s) of its employees at the Curran-Fromhold

Correctional Facility and/or the Philadelphia Prison Systems including the unconstitutional

policies, customs, practices, inadequate supervision, monitoring, and other actions and

inactions that may be revealed during discovery, that led to the violation(s) of Plaintiff

Decedent's constitutionally protected rights. The failure of a correctional officer to

adequately monitor, supervise, and/or have proper policies and practices in place to protect

a citizen's constitutional rights is actionable pursuant to 42 U.S.C. §1983.

71.     Upon information and belief,  Defendants City of Philadelphia, Philadelphia Prison

System,  John Doe 1, John P. Delaney, Gerald May, and Marcella Moore City of

Philadelphia, through their employees, including correctional officers, failed to adequately

supervise its agents, servants workers and/or employees so as to assure and ensure that they

were performing their duties as security or supervisory personnel in a competent manner which failure to so supervise resulted in Plaintiff Decedent sustaining the aforementioned injuries and damages.

72.     Upon information and belief, Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore individually or through their agents, servants workers and/or employees repeatedly and knowingly failed to discipline, reassign, terminate, and/or supervise its correctional officers and/or deputies with respect to the violation of its own policies, including failure to properly monitor or supervise inmates. Such failure created a pattern, policy, practice, custom, and/or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned, and accepted by correctional officers and other employees in the Curran-Fromhold Correctional Facility, in deliberate indifference and reckless disregard for the welfare and safety of inmates, including Plaintiff Decedent.

73.     Upon information and belief, Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore, failed to adequately respond to and/or investigate complaints regarding correctional officers misconduct, including but not limited to, correctional officers failure to monitor inmates and/or leaving monitoring posts, thereby creating a policy, practice, custom, or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and/or approved in deliberate indifference and reckless disregard for the welfare and safety of inmates, including Plaintiff Decedent.

74.     Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore individually and/or through employees at the Philadelphia Prison System and/or the Curran Fromhold-Correctional Facility received complaints of the misconduct or dangerous propensity of the assailant(s) of Plaintiff Decedent. The correctional officer(s)and other employees and/or supervisors at the Curran-

Fromhold Correctional Facility knew, or should have known that the assailant(s) of Plaintiff Decedent was a risk to other inmates, including Plaintiff Decedent, yet did actively monitor and/or separate the assailant(s) from other inmates, including Plaintiff Decedent, which led to the violation of Plaintiff's Decedent's rights under color of the City of Philadelphia's authority. This evidence is that the City of Philadelphia had a reckless disregard and extreme indifference to the federally protected rights of others, including Plaintiff Decedent.

75.　　　Evidence of the assault of direct and proximate result of Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore's negligence, direct indifference, and carelessness as set forth above, which is incorporated herein, Sterling Cole's Wrongful Death beneficiaries have been caused to incur and pay various expenses for medical treatment, hospital care, custodial care, nursing care, and medications, and further funeral and other expenses related to his death.

**WHEREFORE**, Plaintiff Malik Cole, Administrator of the Estate of Sterling Cole, deceased, demands judgment against Defendants City of Philadelphia, Philadelphia Prison System, John Doe 1, John P. Delaney, Gerald May, and Marcella Moore, and each of them, jointly and/or severally in an amount to be proved at trial, in compensatory damages, plus costs, attorney fees, and such other further relief the court shall deem appropriate

BY:　　PIAYON LASSANAH, ESQ
1333 Christian Street
Philadelphia, PA 19147
Office: (215) 732.6000
Fax: (888).803.8365

## VERIFICATION

I, Malik Cole. Administrator of the Estate of Sterling Cole, verifies that the statements made in the foregoing are true and correct, and understands that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Date: 5/16/2017

Malik L. Cole
**Malik Cole**

Case ID: 190402714

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

Nº    A2704-2017

ESTATE OF    Sterling Lovell Cole

Social Security No.    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

WHEREAS,    Sterling Lovell Cole

late of    1327 North 58th Street, Philadelphia, PA 19131

died on the   16th                                  day of   April                    , 2017   ;
and

WHEREAS, the grant of letters of administration is required for the administration of his estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration

to   Malik Cole

who ha s   duly qualified as Administrator                                   of the estate of the above named decedent and ha s   agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the   18th   day of   July                    2017

_Deputy Register_

10-36 (Rev 10/99)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ESTATE OF STERLING COLE** | : | **COURT OF COMMON PLEAS** |
| 1327 North 58TH STREET | : | |
| PHILADELPHIA, PA  19131, | : | **PHILADELPHIA COUNTY** |
| | : | |
| vs. | : | |
| | : | |
| City of Philadelphia | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA  19103 | : | |
| | : | |
| Philadelphia Prison System | : | |
| 7901 State Road | : | |
|  Philadelphia, PA  19136 | : | |
| | : | |
| Curran-Fromhold Correctional Facility | : | |
| 7901 State Road | : | |
| Philadelphia, PA  19136 | : | |
| | : | |
| John P. Delaney-Warden | : | |
| In individual and official capacity | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Gerald May-Warden | : | |
| In individual and official capacity | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Marcella Moore- Warden | : | |
| In individual and official capacity | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Officer Alex Perez #289073 | : | |
| In individual and official capacity | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Officer Robert D. Taylor #280250 | : | |
| In idividual and official capacity | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ESTATE OF STERLING COLE** | : | **COURT OF COMMON PLEAS** |
| **1327 North 58TH STREET** | : | |
| **PHILADELPHIA, PA  19131,** | : | **PHILADELPHIA COUNTY** |
| | : | |
| vs. | : | |
| | : | |
| **City of Philadelphia** | : | |
| **1515 Arch Street, 14th Floor** | : | |
| **Philadelphia, PA  19103** | : | |
| | : | |
| **Philadelphia Prison System** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA  19136** | : | |
| | : | |
| **Curran-Fromhold Correctional Facility** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA  19136** | : | |
| | : | |
| **John P. Delaney-Warden** | : | |
| **In individual and official capacity** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA 19136** | : | |
| | : | |
| **Gerald May-Warden** | : | |
| **In individual and official capacity** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA 19136** | : | |
| | : | |
| **Marcella Moore- Warden** | : | |
| **In individual and official capacity** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA 19136** | : | |
| | : | |
| **Officer Alex Perez #289073** | : | |
| **In individual and official capacity** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA 19136** | : | |
| | : | |
| **Officer Robert D. Taylor #280250** | : | |
| **In idividual and official capacity** | : | |
| **7901 State Road** | : | |
| **Philadelphia, PA 19136** | : | |

|                                                          |   |
|----------------------------------------------------------|---|
| **Officer Shareel Porter # 256569**                      | : |
| **In individual and official capacity**                  | : |
| **7901 State Road**                                      | : |
| **Philadelphia, PA 19136**                               | : |
|                                                          |   |
| **Sargent Raymond Colon # 269732**                       | : |
| **In individual and official capacity**                  | : |
| **7901 State Road**                                      | : |
| **Philadelphia, PA  19136**                              | : |
|                                                          | : |
| **Lieutenant Ann Celeste Gangemi #245787**               | : |
| **In individual and official capacity**                  | : |
| **7901 State Road**                                      | : |
| **Philadelphia, PA 19136**                               | : |
|                                                          | : |
| **John Doe 1-10**                                        | : |
| **In individual and official capacity**                  | : |
| **7901 State Road**                                      | : |
| **Philadelphia, PA 19136**                               | : |

               :  **APRIL TERM 2019**
               :  **NO. 2714**

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), Defendants, City of Philadelphia, Philadelphia Prison System, Curran-Fromhold Correctional Facility, John P. Delaney, Warden, Gerald May, Warden, Marcella Moore-Warden, Officer Alex Perez#289073, Officer Robert D. Taylor #280250, Officer Shareel Porter #256569,Sargent Raymond Colon #269732, Lieutenant Ann Celest Gangemi #245787 (collectively, the "Removing Defendants"), by and through undersigned counsel, hereby give notice that they have filed in the United States District court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Respectfully submitted,

Date:  August 30, 2019

Mark V. Maguire, Esquire
Acting Chief Deputy City Solicitor